UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE R. JOHNSON, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HARLEY DAVIDSON FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Case No. 1:21-cv-04117 |

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, CHRISTINE R. JOHNSON, individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of Defendant, HARLEY DAVIDSON FINANCIAL SERVICES, INC., as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

7. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. CHRISTINE R. JOHNSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

9. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

10. HARLEY DAVIDSON FINANCIAL SERVICES, INC. ("Defendant") is a financer of motorcycles for Harley Davidson and maintains its principal place of business at 222 West Adams Street, #2000, Chicago, Illinois 60606.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6818.

13. At all times relevant, Plaintiff's number ending in 6818 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. In or around August 2020, Plaintiff purchased a 2018 Ultra Limited Harley Davidson motorcycle ("Vehicle") from Defendant.

16. In purchasing the Vehicle, Plaintiff entered into a Retail Installment Contract ("Contract") with Defendant to finance the purchase of the Vehicle.

17. The Contract required Plaintiff to make payments on the 6th of every month.

18. The Contract included a 10-day grace period for payments within which Plaintiff could make payments without any ramifications.

19. Plaintiff has always made the payment before the expiration of the 10-day grace period with the exception of the payment for April 2021, which was paid on the 11th day.

20. Every single month since Plaintiff purchased the vehicle, Defendant has placed collection calls to her starting the 9th of every month and not ceasing until payment is made.

21. Plaintiff finally became extremely frustrated with Defendant's calls when she received 8 calls between March 9, 2021 and March 10, 2021.

22. On March 11, 2021, Plaintiff spoke with Defendant and advised payment would be made on the 12th, still within the 10-day grace period.

23. Plaintiff also asked that the collection calls cease as they were becoming excessive.

24. Initially, Defendant stopped the collection calls; however, on March 17, 2021 Defendant started again placing collection calls to Plaintiff.

25. In addition to the collection calls, Plaintiff has been receiving pre-recorded messages from Defendant as well.

26. In total, Plaintiff has received at minimum 20 pre-recorded messages from Defendant, all of which are 32 seconds long and are all the same recording.

27. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone and leaving Plaintiff pre-recorded voice messages.

28. Plaintiff's request fell on deaf ears again and Defendant continued placing harassing collections calls to Plaintiff (including pre-recorded messages), including, but not limited to, calls from the phone numbers: (844) 970-2015; (833) 920-2051; (866) 433-5959; (833) 425-1627; and (733) 441-0068.

29. In total, Defendant placed no less than 150 harassing phone calls and 35 pre-recorded messages to Plaintiff after Plaintiff initially requested that Defendant cease contact with her.

## DAMAGES

30. Defendant's harassing phone calls and pre-recorded messages have severely disrupted Plaintiff's everyday life and overall well-being.

31. Defendant's harassing calls and pre-recorded messages have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

32. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## CLASS ALLEGATIONS

33. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons throughout the state of Illinois (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

35. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

36. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

37. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

38. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

39. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

40.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

41.     Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

42.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

43.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

44.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

45.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

46.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

47.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

48.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

49. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of the Putative Class)

50. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

52. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

53. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

54. As pled above, Defendant used an artificial or prerecorded voice, which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

55. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 150 non-emergency calls and 35 pre-recorded messages, including but not limited to the aforementioned

collection calls and pre-recorded messages, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

56. As pled above, Plaintiff revoked consent to be called on her cellular phone during an answered call on March 11, 2021.

57. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

58. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

59. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

60. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

61. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

62. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, CHRISTINE R. JOHNSON, on behalf of herself and the members of the Putative Class, requests the following relief:

A. An order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

C. an award of statutory damages of at least $500.00 for each and every violation to Plaintiff and the members of the Putative Class for each such violation;

    D.     an award of treble damages of up to $1,500.00 for each and every violation to Plaintiff and the members of the Putative Class for each such violation; and

    E.     an award of such other relief as this Court deems just and proper.

### COUNT II:
### Illinois Consumer Fraud and Deceptive Business Practices Act
### (Plaintiff individually)

63.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

64.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

65.     Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

66.     Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

67.     Defendant is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f).

    **a. Unfairness and Deception**

68.     It was unfair for Defendant to attempt to collect a debt by placing the above referenced calls to Plaintiff's cellular phone number after she requested that the phone calls cease.

69.     Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off her cellular phone.

However, given the imperative function that cellular phone numbers play in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

70. The phone harassment campaign that Defendant unleashed on Plaintiff was against public policy, unethical, and oppressive.

71. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

72. Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts.

73. Upon information and belief, placing unsolicited and harassing cellular phone calls to consumers is an unfair business practice willfully employed by Defendant and is conducted on a wide scale.

74. An award of punitive damages is appropriate because Defendant's conduct as described above was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff and consumers in general.

    **WHEREFORE,** Plaintiff requests the following relief:

    A.    a finding that Defendant violated the ICFA;
    B.    an order enjoining Defendant from placing further violating calls to Plaintiff;
    C.    an award of actual damages in an amount to be determined at trial;
    D.    an award of punitive damages in an amount to be determined at trial;
    E.    an award of reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
    F.    an award of any further relief that is equitable and just.

Date: August 3, 2021                                                     Respectfully submitted,

                                                                     **CHRISTINE R. JOHNSON**

                                                                     By: */s/ Victor T. Metroff, Esq.*

                                            Mohammed O. Badwan, Esq.
                                            Victor T. Metroff, Esq.
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd
                                            2500 S Highland Ave, Suite 200
                                            Lombard, IL 60148
                                            Telephone: (630) 575-8180
                                            mbadwan@sulaimanlaw.com
                                            vmetroff@sulaimanlaw.com