UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE R. JOHNSON, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-cv-04117 |
| v. | ) ) ) | |
| HARLEY-DAVIDSON FINANCIAL SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

**DECLARATION OF HEMLATA MISTRY IN SUPPORT OF DEFENDANT HARLEY-DAVIDSON FINANCIAL SERVICES, INC.'S MOTION TO COMPEL ARBITRATION**

I, Hemlata Mistry, declare**,**

1. I am employed as a Senior Analyst Vendor Management at Harley-Davidson Financial Services, Inc. (hereinafter "HDFS").

2. I am over the age of twenty-one (21) years, competent to testify to the matters contained herein, and make this affidavit based on personal knowledge that I have obtained through my employment with HDFS and upon client records kept and created in the ordinary course of business that were reviewed by me.

3. I am familiar with the operations and record-keeping of HDFS.

4. HDFS is a Delaware corporation with its principal place of business located in the State of Illinois. It is in the business of servicing loan accounts for consumer motorcycle purchases. HDFS will service loan accounts that were financed by its subsidiary, Eaglemark Savings Bank ("ESB"), a Nevada corporation, which issues motorcycle loans directly to consumers, also known as a Promissory Note and Security Agreement, and whose contracts are

1

subsequently assigned to HDFS' other subsidiary, Harley-Davidson Credit Corp. ("HDCC"), a Nevada corporation. HDFS is a wholly owned subsidiary of Harley-Davidson, Inc. ("HDI")

5. I have reviewed HDFS' records relating to Plaintiff Tia M. Bond's ("Plaintiff") account.

6. HDFS' records reflect that on July 3, 2015, Plaintiff executed a Promissory Note and Security Agreement (the "Contract") with ESB in connection with the purchase and financing of a 2015 Harley-Davidson XL1200T, VIN 1HD1LL311FC438601 (the "Motorcycle") from Rocky Mountain Harley-Davidson Motor Co. (the "Dealer"). The Contract was subsequently assigned by EBS to HDCC. Pursuant to the Contract, ESB financed Plaintiff's purchase of the Motorcycle, and Plaintiff agreed to make 60 monthly payments pursuant to the Contract.

7. The Contract includes an Arbitration Provision ("Arbitration Provision") whereby Plaintiff and ESB (along with HDCC and HDFS) agreed to arbitrate "any and all claims, controversies, or disputes including but not limited to those arising out of or relating to this Contract, or the sale of the this Contract, whether in contract, tort, statute, or otherwise, as well as recovery of any claim under this Contract" including "the applicability of this arbitration clause." The Contract further provides that "this clause and the Federal Arbitration Act…shall govern any and all Claims…between [Plaintiff]…and ESB and/or any of ESB's successsors, assigns, parents, subsidiaries or affiliates…." A true and correct copy of the Contract signed by Plaintiff is attached hereto as **Exhibit A.**

8. HDCC is currently entitled to enforce all rights under the Contract.

9. The document attached hereto as Exhibit A constitutes business records of HDFS that are kept and maintained in the regular and routine course of HDFS' business activity. It was a regular and routine practice of HDFS to keep and maintain such records. These documents were

2

maintained by a person or persons with knowledge of and a business duty to maintain, record, or transmit such records.

10. During July 2021, HDFS learned that the American Arbitration Association ("AAA") had not registered the June 2019 version of HDFS' arbitration clause.

11. HDFS subsequently took action to contact AAA, determine the appropriate steps for registration, and completed the registration process of the June 2019 version of the arbitration clause.

12. HDFS submitted the June 2019 version of the arbitration clause to AAA for registration.

13. As of October 18, 2021, AAA confirmed that the June 2019 version of the arbitration clause is registered with AAA.

Pursuant to 28 U.S.C. §1746, I verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: 10/19/2021

By: *Hemlata Mistry*
Hemlata Mistry
Senior Analyst Vendor Management
Harley-Davidson Financial Services, Inc.

3